UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT HOWDER, as Independent Administrator of the Estate of Uriah Howder, deceased, and DREMA DEISHER, as Guardian of the Estate of Ciarra Bruce, a minor,<br><br>   Plaintiffs,<br><br>  v.<br><br>MOUNT CARMEL POLICE DEPARTMENT, and SERGEANT GILBERT SANTOS-ASTORGA,<br><br>   Defendants. | Case No. 25-cv-01897-JPG |

## MEMORANDUM AND ORDER

  This case is before the Court on Plaintiffs Scott Howder, as Independent Administrator of the Estate of Uriah Howder, deceased, and Drenna Deisher, as Guardian of the Estate of Ciarra Bruce, a minor's Motion for Leave to Amend (Doc. 24). Plaintiffs' ask the Court for leave to amend their complaint to correct the name of Defendant Sergeant Gilbert Santos-Astorga's employer from the Mount Carmel Police Department to the City of Mount Carmel ("the City"). In the alternative, they request an extension of seven (7) days to file a response to Defendant Mount Carmel Police Department's Motion to Dismiss (Doc. 20). Defendants consented to Plaintiffs' request for leave to amend.

  Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. Since Plaintiffs' motion seeks leave to amend their complaint to add a new party to the case, leave of court is required. *Williams v. United States Postal Serv.*, 873 F.2d 1069, 1072 n.2 (7th Cir. 1989); *Ed Miniat, Inc. v. Globe Life Ins. Grp., Inc.*, 805 F.2d 732, 736 (7th Cir. 1986); *La Batt v. Twomey*, 513 F.2d 641, 651 n.9 (7th Cir. 1975); *see* FED. R. CIV. P. 21 (stating in pertinent part, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party).

Rule 15(a) instructs courts to "freely give leave when justice so requires."

Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit All., Inc. v. Taylor Mach. Works, Inc.*, 125 F.3d 468, 480 (7th Cir. 1997). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 449 F.3d 663, 666 (7th Cir. 2007). An amendment is futile if it would not survive a motion to dismiss for failure to state a claim, *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 930 (7th Cir. 2025) (applying Rule 12(b)(6) standard in futility assessment); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997), or a motion for summary judgment, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

The Court finds that Plaintiffs' proposed amendment is futile. Plaintiffs attempt to assert claims against the City under 42 U.S.C. § 1983 based on the acts of its agents and employees. But a municipality, such as the City, may not be held vicariously liable for actions of its employees under § 1983 on a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). It may only be liable for its own actions as a municipality. *Id.* at 690–92. Since Plaintiffs attempt to hold the City liable under a theory of respondeat superior, they fail to state a claim against the City. Accordingly, the Court DENIES Scott Howder, as Independent Administrator of the Estate of Uriah Howder, deceased, and Drenna Deisher, as Guardian of the Estate of Ciarra Bruce, a minor's Motion for Leave to Amend (Doc. 24). Plaintiffs shall have up

to and including January 21, 2026, to file a response to the Motion to Dismiss (Doc. 20).

**IT IS SO ORDERED.**
**DATED**:   **January 14, 2026**

                                                                                                     s/ J. Phil Gilbert
                                                                                                     **J. PHIL GILBERT**
                                                                                                     **United States District Judge**