UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT HOWDER, as Independent Administrator of the Estate of Uriah Howder, deceased, and DREMA DEISHER, as Guardian of the Estate of Ciarra Bruce, a minor,<br><br>      Plaintiffs,<br><br>    v.<br><br>MOUNT CARMEL POLICE DEPARTMENT, and SERGEANT GILBERT SANTOS-ASTORGA,<br><br>      Defendants. | Case No. 25-cv-01897-JPG |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Mount Carmel Police Department ("Mount Carmel PD")'s Motion to Dismiss (Doc. 20). It asks the Court to dismiss Counts 1 and 3 of Plaintiffs Scott Howder, as Independent Administrator of the Estate of Uriah Howder, deceased, and Drenna Deisher, as Guardian of the Estate of Ciarra Bruce, a minor's complaint for failure to state a claim. Plaintiffs filed a response (Doc. 26).

This action arises from events that occurred on or about October 10, 2024, and resulted in the death of Uriah Howder and injury of Ciarra Bruce. On that date, Uriah got into a domestic argument with his girlfriend, Ciarra, at a gas station, and the Mount Carmel PD were notified of the incident. At the time, Uriah was residing at 48 Lambert Drive in Mount Carmel, IL ("the Residence"). Following the incident, Uriah and Ciarra returned to the Residence. Shortly after their return, Defendant Sergeant Gilbert Santos-Astorga ("Santos") arrived at the Residence, and entered without a warrant, consent, or exigent circumstances. Once Santos entered the Residence, he approached Uriah, who was sitting at the kitchen table, and grabbed him by the wrist. Uriah stood up, pulled a knife from his pocket, and said he was going to stab Santos. In

response, Santos shot Uriah, and Uriah fell to the floor. Uriah then attempted to stand up, and Santos shot him again. The second shot killed him. At the time Santos fired his gun, the room was dark and full of people, including numerous minor children. This caused a stray bullet to strike Ciarra in the hand. Plaintiffs filed their four-count complaint on October 10, 2025, alleging violations of 42 U.S.C. § 1983. Counts 1 and 3 allege that the Mount Carmel PD violated Plaintiffs' constitutional rights through its acts and omissions with respect to departmental practices and policies. Counts 2 and 4 allege that Santos conducted an unlawful, warrantless entry in violation of the Fourth and Fourteenth Amendments.

It is well established that a police department may not be sued under 42 U.S.C. § 1983. *See Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Accordingly, the Mount Carmel PD must be dismissed from this action. Plaintiff acknowledges that the Mount Carmel PD is not a suable entity and seeks to substitute the City of Mount Carmel ("the City") in its place. They propose two avenues to make this substitution. First, they ask the Court to deny the motion and treat Counts 1 and 3 as intended to be brought against the City. In the alternative, they ask the Court to grant the motion without prejudice and allow them leave to amend their complaint. The Court declines to construe the complaint as being against the City. It believes, for the purposes of clarity, it is best to have Plaintiffs file an amended complaint. The Court acknowledges Plaintiffs' arguments that its naming of the Mount Carmel PD was a misnomer and that any amended complaint will relate back to the original complaint. However, the Court will not reach these issues because it believes the amended complaint will be filed well within the statute of limitations period. Section 1983 claims arising in Illinois, like Plaintiffs, are subject to the two-year personal injury limitation

period. *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir.2001) (§§ 1983 and 1985); *see Wilson v. Garcia*, 471 U.S. 261, 267-68 (1985) (generally, apply statute of limitations of most analogous state law to § 1983 and § 1988 cases). The events giving rise to this action occurred on or about October 10, 2024. Accordingly, the amended complaint will be filed within the two-year statute of limitations.

    For the foregoing reasons, the Court GRANTS Defendant Mount Carmel Police Department ("Mount Carmel PD")'s Motion to Dismiss (Doc. 20). Counts 1 and 3 of Plaintiffs' complaint are dismissed without prejudice. Plaintiffs shall have up to and including April 6, 2026, to file an amended complaint.

**IT IS SO ORDERED.**
**DATED**: **March 5, 2026**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **United States District Judge**